9119/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Defendant Hyundai Merchant Marine Co. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMERCIAL METALS COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>M.V. CHRYSOULAS, *in rem*, HER ENGINES, TACKLE, APPAREL, ETC., EXPERT INVESTMENTS, ORDER SHIPPING CO., LTD., and HYUNDAI MERCHANT MARINE CO., LTD., *IN PERSONAM,*<br><br>Defendants. | 08 Civ. 0075 (DAB)<br><br>**AMENDED ANSWER WITH CROSS-CLAIMS** |

Defendant Hyundai Merchant Marine Co. Ltd. ("HMM") by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, for its amended answer to plaintiff's complaint and its cross-claims against defendants M/V CHRYSOULAS, in rem, Expert Investments, and Order Shipping Co. Ltd., alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Admits that HMM was a charterer of the vessel, but accept as so specifically admitted, denies the allegations of paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Denies the allegations of paragraph 7.

8. Admits that steel pipe was delivered to the vessel at Xingang, China, that HMM issued various bills of lading for the pipe, and that the pipe was to be transported to Tampa for freight paid or to be paid, but expect as so specifically admitted, denies the allegations of paragraph 8.

9. Admits that the steel pipe was delivered at Tampa, but except as so specifically admitted, denies the allegations of paragraph 9.

10. Admits that steel pipe was delivered to the vessel at Xingang, China, that HMM issued various bills of lading for the pipe, and that the pipe was to be transported to Houston for freight paid or to be paid, but expect as so specifically admitted, denies the allegations of paragraph 10.

11. Admits that the steel pipe was delivered at Houston, but except as so specifically admitted, denies the allegations of paragraph 11.

12. Denies the allegations of paragraph 12.

13. Denies the allegations of paragraph 13.

14. Denies the allegations of paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Denies the allegations of paragraph 16.

## AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, HMM ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

17. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

### FIRST AFFIRMATIVE DEFENSE

18. The above shipments were subject to all the terms, conditions and exceptions contained in a certain charter party and/or bills of lading then and there issued therefore for which the shippers, owners, consignees or holders of said bills of lading agreed to be bound and are bound.

### SECOND AFFIRMATIVE DEFENSE

19. Any damage to or loss of the shipments was due to causes for which HMM is not liable or responsible by virtue of the provisions of the charter party and/or bills of lading and/or general maritime law.

### THIRD AFFIRMATIVE DEFENSE

20. Plaintiff's failed to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

21. Any damage to and/or loss of the shipments was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shippers or receivers and their agents or the nature of the shipment, including inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which HMM is neither responsible nor liable.

## FIFTH AFFIRMATIVE DEFENSE

22. HMM's liability, if any, is limited to $500 per package.

## SIXTH AFFIRMATIVE DEFENSE

23. Insufficiency of service of process.

## SEVENTH AFFIRMATIVE DEFENSE

24. This Court is an inconvenient forum for this action.

## EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiff has sued under the HMM bills of lading which contain a Seoul, Korea forum selection clause. Therefore, plaintiff's complaint should be dismissed.

## AS AND FOR CROSS-CLAIMS AGAINST DEFENDANTS M/V CHRYSOULAS, EXPERT INVESTMENTS, AND ORDER SHIPPING CO. LTD., HMM ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

26. Repeat and realleges each and every allegation set forth above with the same force and effect as if herein repeated and set forth at length.

27. The cargo damage/loss alleged in plaintiff's complaint was caused by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty of defendants M/V CHRYSOULAS, Expert Investments, and/or Order Shipping Co. Ltd. and/or their servants and/or agents.

28. Therefore, if HMM is liable to plaintiff, whether by judgment or settlement, then HMM is entitled to indemnity and/or contribution from M/V CHRYSOULAS, Expert Investments, and/or Order Shipping Co. Ltd. including recovery of the attorneys' fees and costs incurred by HMM in defending against plaintiff's claims.

WHEREFORE, HMM prays for:

(a) Judgment dismissing plaintiff's complaint;

(b) Judgment in HMM's favor on the cross-claims;

4

(c) An award of all costs including attorneys' fees; and

(d) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 9, 2008

>Respectfully submitted,
>CICHANOWICZ, CALLAN, KEANE,
>VENGROW & TEXTOR, LLP
>Attorneys for Defendant Hyundai Merchant
>Marine Co. Ltd.
>
>By: _s/ Randolph H. Donatelli_
>     Randolph H. Donatelli (RD-5359)
>61 Broadway, Suite 3000
>New York, New York 10006-2802
>(212)344-7042

To: Fein & Jakab
The Woolworth Building
233 Broadway, Suite 930
New York, NY 10279
(212) 732-9290
Attn.: Peter Jakab, Esq.

**CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On April 9, 2008, I served a complete copy of Defendant Hyundai Merchant Marine Co. Ltd.'s Amended Answer with Cross-Claims, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:   Fein & Jakab
       The Woolworth Building
       233 Broadway, Suite 930
       New York, NY 10279
       (212) 732-9290
       Attn.: Peter Jakab, Esq.

*Jennifer Scianna*
Jennifer Scianna

DATED:   April 9, 2008
               New York, New York