214-08/WLJ
FREEHILL, HOGAN & MAHAR
Attorneys for Defendants
ORDER SHIPPING CO., LTD. and EXPERT
INVESTMENTS
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
William L. Juska, Jr (WJ0772)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
COMMERCIAL METALS COMPANY,

                      Plaintiff,

- against -

M/V CHRYSOULA S, *in rem,* her engines,
tackle, apparel, etc., EXPERT INVESTMENTS,
ORDER SHIPPING CO., LTD., and HYUNDAI
MERCHANT MARINE CO., LTD., *in personam,*

                      Defendants.
-----------------------------------------------------------x

08 CV 0075 (DAB)
ECF CASE

**ANSWER AND
CROSS-CLAIM**

Defendants, ORDER SHIPPING CO., LTD. (hereinafter "ORDER') and

EXPERT INVESTMENTS (hereinafter "EXPERT"), by their attorneys, Freehill, Hogan

& Mahar LLP, responding to the Complaint of the Plaintiff herein, allege upon

information and belief as follows:

    1.    Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 1 of the Complaint.

    2.    Admit the allegations contained in paragraph 2 of the Complaint.

    3.    Admit that defendant EXPERT is the owner of the M/V CHRYSOULA S and is organized and exists under the laws of a State other than New York and, except as so admitted,

denies the allegations of paragraph 3 of the Complaint.

4.  Admit that defendant ORDER is the shipmanager of the M/V CHRYSOULA S and is organized and exists under the laws of a State other than New York and, except as so admitted, denies the allegations of paragraph 4 of the Complaint.

5.  Admit that defendant HYUNDAI MRCHANT MARINE CO., LTD. was the charterer of the M/V CHRYSOULA S on the voyage in question and, except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint.

6.  Admit that this is an admiralty or maritime claim and, except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of the Complaint.

7.  Deny the allegations contained in paragraph 7 of the Complaint

8.  Admit that steel pipe was delivered to the vessel at Tianjin, China for transport to Tampa, Florida, and except as so specifically admitted, deny the remaining allegations of paragraph 8 of the Complaint.

9.  Deny the allegations contained in paragraph 9 of the Complaint.

10. Admit that steel pipe was delivered to the vessel at Tianjin, China for transport to Houston, Texas, and except as so specifically admitted, deny the remaining allegations of paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13  Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

## AS AND FOR ORDER'S and EXPERT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a claim against defendants ORDER and EXPERT upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

18. The shipments in question were received, carried, discharged and/or delivered at the ports of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

19. The shipments described in the Complaint were received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or

causes for which Defendants ORDER and EXPERT are not liable by virtue of said dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

20.  Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to Defendants ORDER and EXPERT, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not of defendants ORDER and EXPERT.

### FIFTH AFFIRMATIVE DEFENSE

21.  If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by Defendants ORDER and EXPERT, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of Defendants ORDER or EXPERT

### SIXTH AFFIRMATIVE DEFENSE

22.  If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf, including a failure to mitigate the damages properly.

### SEVENTH AFFIRMATIVE DEFENSE

23.  The Plaintiff is not the real party in interest to this suit.

### EIGHTH AFFIRMATIVE DEFENSE

24.  Plaintiff failed to give timely notice of this claim.

### NINTH AFFIRMATIVE DEFENSE

25. Any liability of Defendants ORDER and EXPERT, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, service contracts, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

### TENTH AFFIRMATIVE DEFENSE

26. Peril of the sea, latent defect and/or error of management.

### ELEVENTH AFFIRMATIVE DEFENSE

27. Insufficient service of process.

### TWELFTH AFFIRMATIVE DEFENSE

28. Failure to join an indispensable party.

### THIRTEENTH AFFIRMATIVE DEFENSE

29. Lack of personal jurisdiction over Defendants ORDER and EXPERT.

### FOURTEENTH AFFIRMATIVE DEFENSE

30. This court is an inconvenient forum for this action.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

31. The bills of lading under which the cargo was shipped contain a forum selection clause calling for the exclusive and mandatory jurisdiction of the courts of Seoul, Korea, and the Complaint should be dismissed on that basis.

## As and For Cross-Claims Against
## Co-Defendant Hyundai Merchant Marine Co. Ltd.
## By Order Shipping Co., Ltd. and Expert Investment

32. Without prejudice to their jurisdictional defenses or other Affirmative Defenses raised herein, Defendants ORDER and EXPERT repeat and reallege each and every allegation, admission, denial, and denial of knowledge or information herein above set forth with the same force and effect as if herein repeated and set forth at length.

33. If Plaintiff COMMERCIAL METALS COMPANY suffered any loss and/or damage, which is denied, then the damage and loss was caused solely by the negligence or breach of contract (express or implied), breach of warranty (express or implied), breach of bailment, and/or the fault or omission of Co-Defendant Hyundai Merchant Marine Co. Ltd. ("Hyundai").

34. If Plaintiff COMMERCIAL METALS COMPANY is entitled to recover against defendants ORDER and/or EXPERT for matters alleged in this Complaint, then ORDER and/or EXPERT should recover indemnity or contribution from Co-Defendant Hyundai for all such liability and for all expenses including attorney fees, costs and interests incurred in defending against the Plaintiff's action.

35. To the extent that arbitration applies to relevant contracts in effect between ORDER and/or EXPERT and Hyundai, ORDER and/or EXPERT reserve the right to arbitrate.

WHEREFORE, Defendants ORDER SHIPPING CO., LTD. and EXPERT INVESTMENT demand:

(1) Judgment dismissing the Complaint;

(2) If judgment is entered in favor of the plaintiff against ORDER and/or EXPERT, that said Defendants have judgment against Co-Defendant Hyundai on the cross-claims herein together with interest, costs and attorney fees;

(3) If any liability is found, such liability be limited to $500 per package or other limitation set forth in the governing contracts of carriage or as provided by law;

(4) If applicable, the action be stayed pending arbitration;

(5) Costs, fees, including reasonable attorney fees and disbursements of this action, and such other relief as the Court deems just and proper.

Dated: New York, New York
      April 14, 2008

                    FREEHILL, HOGAN & MAHAR LLP
                    Attorneys for Defendants
                    ORDER SHIPPIMG CO., LTD. and
                    EXPERT INVESTMENT

                    By: _____
                        WILLIAM L. JUSKA, JR. (WJ0772)
                        80 Pine Street
                        New York, New York 10005-1759
                        (212) 425-1900

TO:   FEIN & JAKAB
       Attorneys for Plaintiff
       The Woolworth Building
       233 Broadway, Suite 930
       New York, NY 10279
       (212) 732-9290
       Attn: Peter Jakab, Esq.

CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
Attorneys for Defendant
HYUNDAI MERCHANT MARINE CO. LTD.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

NYDOCS1/302758.1